LPER CURIAM.
Petitioner, Scott Garland Yarnell, the Committee on Bar Admissions (“Committee”), and the Office of Disciplinary Counsel (“ODC”) jointly move to admit petitioner on a conditional basis.
On his application to sit for the Louisiana bar examination, petitioner revealed that he is currently undergoing professional treatment for post-traumatic stress disorder and a chronic form of depression known as dysthymia. These disclosures caused the Committee to question petitioner’s fitness to practice law, and as a result, the Committee sought additional information from petitioner’s treating physicians with respect to both his current condition and his prognosis. Based upon the information it received, the Committee allowed petitioner to sit for the July 2002 bar examination, but informed him that he would likely be recommended for a conditional, rather than unconditional, admission to the practice of law.
By letter dated September 30, 2002, the Committee notified petitioner that he had successfully passed the essay portion of the bar exam. Thereafter, tije Committee’s Director of Character and Fitness, Harry J. “Skip” Philips, Jr., requested a meeting with petitioner and Chief Disciplinary Counsel Charles Plattsmier to discuss petitioner’s medical condition and to arrive at a formal agreement with respect to his conditional admission to the practice of law in this state. The parties subsequently reached an agreement on conditional admission and filed a joint petition in this court.
| ¡¿Having reviewed the petition, we conclude petitioner is entitled to admission to the practice of law, subject to the following conditions:
The term of this conditional admission shall be for 24 months from the date of admission.
Mr. Yarnell shall maintain contact with his treating physician at intervals directed by that physician, but not less than quarterly, during the period of this conditional admission.
Mr. Yarnell will submit to such medical treatment as is deemed necessary by the treating physician, including all medications prescribed by that physician. In addition, Mr. Yarnell will submit to such drug screenings or other screenings or testings as may be ordered by his physician. A report of the results of each meeting with his treating physician shall be forwarded to the Of *292 fice of Disciplinary Counsel within 30 days of the appointment and Applicant shall be responsible for timely securing or arranging for such reports to be tendered to the Office of Disciplinary Counsel. In connection with this restriction, Applicant shall provide the Office of Disciplinary Counsel and/or his treating physician or other healthcare providers with such medical authorization re-leasee as may be required.
4. Mr. Yarnell shall engage in a supervised practice with an attorney licensed to practice in this state and in good standing, who shall be designated by the Office of Disciplinary Counsel. This mentor or supervising attorney shall report in writing at least once every three months to the Office of Disciplinary Counsel as to Applicant’s performance during that period of conditional admission.
5. Mr. Yarnell shall provide full and complete cooperation with the Office of Disciplinary Counsel.
6. Mr. Yarnell shall obtain a final written report from his treating physician or other healthcare provider with regard to his ability to practice law free of these restrictions within 60 days prior to the termination of this period of conditional admission, which report must be submitted to the Office of Disciplinary Counsel.
7. In the event that Mr. Yarnell shall relocate or change his employment, he shall provide to the Office of Disciplinary Counsel written notice of his intention to do so within 30 days prior to the effective date thereof, but nonetheless, shall continue to be bound by these restrictions.
8. In the event of noncompliance with any of the terms of this conditional admission, the supervising attorney shall immediately ^notify the Office of Disciplinary Counsel, which shall then make a report to this court.
9. Within 30 days prior to the expiration of the conditional admission, the ODC shall make a report to this court in which it shall recommend to the court that the conditional admission be allowed to terminate or be extended.
CONDITIONAL ADMISSION GRANTED.
WEIMER and TRAYLOR, JJ„ dissent for reasons assigned by JOHNSON, J.
JOHNSON, J., dissents and assigns reasons.
CALOGERO, C.J., concurs and assigns reasons.